No. 444 May 20, 2026 769

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Sean BOBAK,
*Plaintiff-Respondent,*

*v.*

Mary BOBAK,
an individual;
C. Steven Lussier, an individual;
Patrice Lussier, an individual;
and Sara Ogle, an individual,
*Defendants-Appellants.*

Tillamook County Circuit Court
23CV38884; A183964

Jonathan R. Hill, Judge.

Submitted on September 24, 2025.

Bear Wilner-Nugent filed the briefs for appellants.

Shayna M. Rogers and Cosgrave Vergeer Kester LLP filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendants Mary (Bobak) Lussier, Steve Lussier, Patrice Lussier and Sara Ogle appeal from a limited judgment that denied their special motion to strike plaintiff Sean Bobak's defamation complaint.[1] Defendants filed their motion under ORS 31.150, which is the Oregon statute opposing Strategic Lawsuits Against Public Participation (anti-SLAPP statute). The trial court concluded that the anti-SLAPP statute could apply to plaintiff's defamation claim, but that plaintiff had also met his *prima facie* burden to create an issue of fact such that he could prevail on the merits of his claim. As a result, the court denied defendants' motion. We affirm.

The parties are familiar with the facts and we do not repeat all of them in this memorandum disposition. We note just the key facts central to understanding our opinion. In reaching our decision, we, like the trial court, view the facts in the light most favorable to plaintiff who had the burden to establish at least a *prima facie* case. *Cider Riot, LLC v. Patriot Prayer USA, LLC*, 330 Or App 354, 375, 544 P3d 363 (2024).

Plaintiff and defendant Mary Lussier had been married for 22 years. Around the time of their separation and the initiation of their divorce proceedings, Mary Lussier accused plaintiff of sexually abusing her and their five children. Plaintiff denied the allegations and accused Mary Lussier of coaching the children to substantiate these claims. In the proceeding below, plaintiff submitted a declaration that stated that he was investigated by police in Oregon and Washington, and they closed their files without initiating any charges. He also noted that the judge in the divorce case found no evidence to support the child sexual abuse allegations.

During the divorce proceedings, plaintiff learned that Mary Lussier had "repeated her allegations of child

---

[1] This defendant is listed with her prior married name Mary Bobak in the caption. She informs us in her brief that she now legally goes by Mary Lussier. We will refer to her as defendant Mary Lussier. Defendant C. Stephen Lussier submitted a declaration below that his name is spelled C. Stephen and not C. Steven but he commonly goes by Steve. We will refer to him as defendant Steve Lussier.

sex abuse to, among others, employees and patrons of the Sportsman's Pub in Pacific City and to staff and faculty in the Cloverdale public school system." He also noted that she had repeated those allegations on the "NextDoor" website or application. He also presented evidence that defendants Steve Lussier and Patrice Lussier, who are Mary Lussier's parents, repeated the allegations of child sex abuse to "their neighbors, local farmers, and a local dentist." Plaintiff presented evidence from defendant Mary Lussier's brother-in-law that he had heard both Mary and her father defendant Steve Lussier claim that plaintiff had sexually abused all five of his children. Plaintiff also claimed that Mary Lussier's friend, defendant Sara Ogle made statements in the Cloverdale school system and community that suggested that she had access to "Mary and her boys' evidence" and believed this was a case of abuse, and that she had repeated those claims of child sex abuse online. Plaintiff ultimately sued defendants for defamation in this case, relying on the allegations above, among others, and, as noted, defendants filed their anti-SLAPP motion, which was denied.

To prevail in the trial court on an anti-SLAPP motion, defendants had to make an initial prima facie showing that plaintiff's claim arose out of certain statements covered by ORS 31.150(2). ORS 31.150(4). If that burden was met, the burden then shifted to plaintiff to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." *Id*. That requires a showing of "sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production." *Handy v. Lane County*, 360 Or 605, 622-23, 385 P3d 1016 (2016). In this case, the trial court concluded at the first step that defendants met their burden to show that plaintiff's allegations were covered by ORS 31.150(2)(a)(D) because they were made in furtherance of defendants' exercise of free speech and were related to matters of general public interest. The court then concluded at the second step, however, that plaintiff presented a *prima facie* case.

On appeal, defendants agree with the trial court that plaintiff's allegations arose of statements covered by

ORS 31.150(2)(a)(D), but they contend that the trial court erred in concluding that plaintiff met his burden to present evidence in support of a *prima facie* case. Plaintiff argues the reverse, namely that the trial court erred at the first step but was correct in concluding at the second step that plaintiff presented a *prima facie* case on his defamation allegations.[2] We need not decide if the trial court erred at step one because we agree that the trial court did not err at step two in concluding that plaintiff presented a *prima facie* case. As a result, the trial court did not err in denying defendants' anti-SLAPP motion.

Defendants contend that the trial court erred in concluding that plaintiff had presented *prima facie* evidence of a defamation claim because, according to defendants, plaintiff failed to provide sufficient evidence and detail about the statements from which a factfinder could determine if the alleged defamatory statements were statements of objective fact capable of being proved true or false. Defendants note that under *Neumann v. Liles*, 358 Or 706, 369 P3d 1117 (2016), there is a three-part test for determining whether a statement of public concern is nevertheless protected by the First Amendment to the United States Constitution because the statement, assessed by a reasonable factfinder, does not imply an assertion of objective fact:

> "(1) whether the general tenor of the entire publication negates the impression that the defendant was asserting an objective fact; (2) whether the defendant used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false."

*Id.* at 718-19. Defendants argue that plaintiff's evidence could not meet that test. Plaintiff contends that defendants did not preserve this issue below, or, at most, did so only with respect to defendant Ogle's alleged defamatory statements.

Assuming without deciding that defendants preserved this issue and that the test in *Neumann* applies here,

---

[2] In a contingent cross-assignment of error, plaintiff raises his argument that the trial court erred at the first step of its analysis. Plaintiff concedes that we do not need to reach that issue if we conclude that the trial court did not err at the second step of the anti-SLAPP analysis.

we conclude that the trial court did not err. Plaintiff alleged and then presented declarations opposing defendants' anti-SLAPP motion that stated that defendants represented to local community members and, in some cases, online that plaintiff had sexually abused his children, a fact which he denied. Plaintiff did not present evidence that defendants' statements were couched in any particular way or placed in figurative or hyperbolic language but presented them as asserting bare statements of fact. Plaintiff presented evidence that defendants stated to third parties that plaintiff sexually abused his children. To the extent that defendants contest those issues, which they do, and presented evidence that the statements were not made at all or, even assuming that they were made, that there was additional context that negated any impression of an objective factual statement, those are disputed issues of fact and ones that are not to be resolved at this stage. Plaintiff met his burden to present *prima facie* evidence of alleged defamatory statements by defendants that were capable of being proved true or not—statements that he had sexually abused his children.

As a result, we reject defendants' arguments and affirm the trial court's limited judgment denying defendants' anti-SLAPP motion.

Affirmed.